**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JRV SERVICES, LLC**                                         **CIVIL ACTION**

**VERSUS**                                                        **NO. 19-100-SDD-RLB**

**DOSTER CONSTRUCTION COMPANY, INC. ET. AL**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 19, 2019.

                                                             **RICHARD L. BOURGEOIS, JR.**
                                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JRV SERVICES, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-100-SDD-RLB** |
| **DOSTER CONSTRUCTION COMPANY, INC. ET. AL** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiffs' Motion to Remand. (R. Doc. 20). The motion is opposed. (R. Doc. 30).

Also before the Court are Doster Construction Company, Inc's ("Doster") Motion to Sever and Remand (R. Doc. 17), Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Sever and Remand (R. Doc. 18), and The Lemoine Company, LLC's ("Lemoine") Motion to Sever and Remand. (R. Doc. 19). The motions are opposed. (R. Doc. 32).

### I.     Background

On or about March 29, 2018, JRV Services, LLC ("JRV") initiated this action in the 19th Judicial District, East Baton Rouge, Louisiana alleging breach of construction subcontracts and seeking enforcement of rights with respect to certain liens under the Louisiana Private Works Act, La. R.S. 9:4801 *et seq*. ("LPWA") (R. Doc. 1-2 at 3-13). The First Supplemental and Amending Petition removed various defendants, leaving as the sole defendants Doster, Liberty Mutual, Lemoine, and Federal Insurance Company ("FIC"). (R. Doc. 1-2 at 19-20).

On January 28, 2019, the state court judge entered Plaintiffs' Second Supplemental and Amending Petition into the record. (R. Doc. 1-5 at 61). Plaintiffs' Second Supplemental and Amending Petition added the individual plaintiffs Juana Vargas, Wendy Herrera, Bertha Arelis

Izaguirre, and Desyi Rivera. (R. Doc. 1-5 at 54-58). Plaintiffs' Second Supplemental and Amending Petition asserts that Doster's employees and subcontractors sexually harassed and discriminated against the individual plaintiffs, who are Hispanic female employees and supervisors of JRV. (R. Doc. 1-5 at 54-56). Plaintiffs assert that the conduct violates Louisiana Employment Discrimination Law, La. R.S. 23:302 ("LEDL") and the Louisiana Uniform Trade Practices and Consumer Protection Law, La. R.S. 51:1401-26 ("LUPTA"). (R. Doc. 1-5 at 56). In Paragraph 47E, Plaintiffs assert, among other things, that the alleged "discrimination and harassment perpetrated by Doster constituted unlawful practices in violation of public policy as set forth in federal and state anti-discrimination statutes, including La. R.S. 23.301 et seq. and Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et seq. and was immoral, unethical, unscrupulous, and substantially injuries to JRV's female employees and supervisors and was in furtherance of Doster's unfair trade practices to take advantage of JRV's labor and services without paying for them." (R. Doc. 1-5 at 57).

On February 15, 2019, Doster filed a notice of removal asserting that the court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 in light of the harassment and discrimination claims in Plaintiffs' Second Supplemental and Amending Petition. (R. Doc. 1). More specifically, Doster asserts that Paragraph 47E explicitly raises a claim under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (R. Doc. 1 at 3).

Doster, Liberty Mutual, and Lemoine filed Motions to Sever and Remand, which all seek an order severing the individual Plaintiffs' discrimination claims and remanding to state court the breach of contract and LPWA claims. (R. Docs. 17, 18, 19).

Plaintiffs filed a Motion to Remand seeking remand of the entire action on the basis that the Court lacks federal question jurisdiction over the discrimination claims. (R. Doc. 20).

**II.     Arguments of the Parties**

In support of severance, Doster argues that the action was properly removed because the Court has federal question jurisdiction over Plaintiffs' Title VII claim under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' LEDL and LUPTA claims under 28 U.S.C. § 1367(a). (R. Doc. 17-1 at 8-9). Doster argues that the breach of contract and LPWA claims must be severed and remanded under 28 U.S.C. § 1441(c)(2) because there is no original or supplemental jurisdiction over those claims. (R. Doc. 17-1 at 9-14). To the extent the Court finds that it could exercise supplemental jurisdiction over those claims, Doster asserts that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1337(c). (R. Doc. 17-1 at 14-17). Liberty Mutual and Lemoine adopt the arguments made by Doster in support of severance and remand. (R. Docs. 18-1, 19-1). In opposition, Plaintiffs argue that the Court should first determine whether remand of the whole action is proper on the basis that the Court lacks subject matter jurisdiction. (R. Doc. 32).

In support of remand of the whole action, Plaintiffs argue that the discrimination claims added under Plaintiffs' Second Supplemental and Amending Petition were brought solely under the LEDL and LUPTA, and the reference to Title VII in Paragraph 47E was pled solely in support of Plaintiffs' LUPTA claim. (R. Doc. 20-1 at 1-8). Plaintiffs assert that Doster concedes that there is no Title VII claim to support federal question jurisdiction because Doster has moved for dismissal of the Title VII claim for failure to state a claim. (R. Doc. 20-1 at 8-9). Finally, Plaintiffs seek recovery of attorney's fees under 28 U.S.C. § 1447(c) on the basis that Doster had no objectively reasonable basis for seeking removal. (R. Doc. 20-1 at 8-10). In opposition, Doster argues that Plaintiffs expressly raised a claim under Title VII and Plaintiffs' argument that the Title VII allegations were made solely in support of a LUPTA claim are invalid as no

court has ever found that a discrimination claim can support a LUPTA claim. (R. Doc. 30 at 5-12). Doster further asserts that a finding of federal question jurisdiction with respect to the Title VII allegations is proper even though any attempted Title VII claim is subject to dismissal for failure to state a claim. (R. Doc. 30 at 12-14). Finally, Doster argues that the removal was objectionably reasonable even if the Court determines that federal question jurisdiction is lacking. (R. Doc. 30 at 14-15).

### III.    Law and Analysis

#### A.    Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

This court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Section 1441(c) provides that actions involving both a federal question claim and a claim not within the original or supplemental jurisdiction of the district court may be removed in their entirety, subject to severance and remand of the non-removable claim:

>  (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
>  (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(1)-(2).

> **B.    Analysis**

The preliminary issue to be addressed by the Court is the one raised by Plaintiffs in their Motion to Remand – whether the Court has federal question jurisdiction in light of the allegations referencing Title VII in Paragraph 47E of Plaintiffs' Second Supplemental and Amending Petition. Only if the Court concludes that it has federal question jurisdiction in light of those allegations must it then determine whether, and to what extent, it must sever any claims and remand any claims over which it does not have original or supplemental jurisdiction. If the Court does not have federal question jurisdiction over any claims, however, then the entire action is subject to remand. Having considered the pleadings, the arguments of the parties, and the relevant case law, the Court concludes that this action is subject to remand in its entirety for lack of subject matter jurisdiction.

The Fifth Circuit has held that an "oblique reference" to "violation of unspecified federal laws" is insufficient to establish federal question jurisdiction under 28 U.C.S. § 1331. *Avitts*, 53 F.3d 690, 693. Plaintiffs rely on *Avitts* and related decisions for the proposition that they have

elected to proceed exclusively under state law and, as master of their complaint, have chosen to not pursue a federal cause of action. (R. Doc. 20-1 at 7). The Fifth Circuit has found federal question jurisdiction under 28 U.C.S. § 1331, however, where the plaintiff alleged he was "entitled to the affirmative relief he seeks . . . pursuant to . . . Title 42 of the United States Code, Section 1983," even though the pleading did not elaborate further on the theory of recovery under Section 1983. *Cervantez v. Bexar Cty. Civil Serv. Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996). Doster argues that the allegations at issue here are similar to those in *Cervantez* because Plaintiffs expressly allege that the defendants "violated" Title VII in the pleading. (R. Doc. 30 at 6-7).

The relevant allegations in Plaintiffs' Second Supplemental and Amending Petition with respect to Title VII fall somewhere between those alleged in *Avitts* and *Cervantez*.[1] In one decision relied upon by Plaintiffs, the plaintiff specifically alleged that she was "not seeking any remedy under any federal statutes," the allegation that she believed she had "been discriminated against . . . in violation of Title VII" was insufficient to establish federal question jurisdiction. *See Hardin v. Morgan Bldgs. & Spas, Inc.*, No. 07-388, 2007 WL 2021775 (W.D. Tex. June 26, 2007). In remanding the action, the Court stated that "an indication that plaintiff believes she has been discriminated against under federal law does not in and of itself create federal jurisdiction, as long as plaintiff has disclaimed any federal causes of action." *Id*. at *3. As Defendant points out, however, there is no specific disavowal of relief under federal law in Plaintiffs' pleadings in this action. (R. Doc. 30 at 12).

---

[1] This is not an action in which remand is appropriate because the relevant pleading does not expressly reference Title VII or federal law. *See*, *e.g.*, *Dupre v. Family Dollar Stores of Louisiana*, No. 15-01432, 2015 WL 3791705, at *2 (W.D. La. June 15, 2015) (remanding action where the "petition contains no express references to Title VII."); *Addison v. Grillot Land & Marine, L.L.C.*, No. 02-01251, 2002 WL 1298761, at *2 (E.D. La. June 10, 2002) (remanding action where plaintiff "did not refer to a single federal statute or regulation, or even to federal law generally").

More on point is *Impressive Printing, Inc. v. Lanier Worldwide, Inc.*, No. 05-1609, 2005 WL 3543719, at *3 (E.D. La. Nov. 9, 2005), a decision tangentially referenced by Plaintiffs in a footnote. (R. Doc. 20-1 at 7 n. 19). In *Impressive Printing*, the plaintiff alleged, in pertinent part, the following in paragraph 18 of the complaint:

> During the confection of the agreements, and the continuing performance and nonperformance of the agreements, defendants have engaged in a course and pattern of conduct contract to the Louisiana Unfair Trade Practices Act, in the following nonexclusive particulars . . .
>
> (j) Such other acts of omission and commission as may be proven at the trial of this matter and that may be in violation of the Louisiana Unfair Trade Practices Act, the Fair Debt Collection Practices Act, the Anti-Trust laws, and all other applicable laws.

*Id*. at *1. The defendant removed the action asserting that the reference to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") established federal question jurisdiction. *Id*. In remanding the action, the court noted that while the petition "does certainly refer to a specific federal law . . . [b]ecause . . . ambiguities with respect to removal should be construed in favor of remand, the unclear phrasing of paragraph 18 of plaintiff's complaint weighs in favor of remanding this case to state court." *Id*. at *3. The court further noted that "Plaintiff's complaint appears to allege that the FDCPA violation is one of several alternative grounds for finding a violation of LUPTA" and because "the federal question is not a necessary element of the plaintiff's state claims" it "does not create federal question jurisdiction." *Id*. at *3 n. 4. The Fifth Circuit reached a similar conclusion in holding that where a plaintiff's complaint mentioned "the rules, regulations, and statutes" of the Federal Trade Commission, a "fair reading of the complaint" was that the plaintiff was not invoking the Fair Credit Reporting Act, 15 U.S.C. § 1682, *et seq.,* and was instead mentioning "federal law merely . . . to describe the types of conduct that violated" the Texas Deceptive Trade Practices Act. *Howery*, 243 F.3d at 918.

Here, Plaintiffs' allegations are similarly ambiguous with respect to the assertion of a federal claim under Title VII. Paragraph 47 of the original petition, which solely raised claims under state law for breach of contract and LPWA, states the following:

> Doster's employees and subcontractors repeatedly harassed and discriminated against JRV's Hispanic female employees and supervisors during the Project, which included inappropriate sexual comments and contact, derogatory and demeaning commends, and refusal to work with JRV's female employees or accept JRV's experienced and qualified female foreperson as appropriate supervisors on the Project, all of which further delayed and disrupted JRV's performance.

(R. Doc. 1-2 at 11).

The Second Supplemental and Amending Petition added specific factual allegations with respect to the individual plaintiffs' interaction with Doster, adding that the "harassment and discrimination against JRV's female employees and supervisors was so severe and/or pervasive as to constitute a hostile working environment." (R. Doc. 1-5 at 54-56). There is no dispute that Paragraphs 47C and 47D expressly add state law claims, respectively, under the LEDL and LUPTA:

Paragraph 47C

> The above described conduct of Doster **violates** the Louisiana Employment Discrimination Law, La. R.S. 23:302.

Paragraph 47D

> The above described conduct of Doster **also violates** the Louisiana Uniform Trade Practices and Consumer Protection Law, La. R.S. 51:1401-26.

(R. Doc. 1-5 at 56) (emphasis added). The dispute is over whether the allegations in Paragraph 47E raise a "Title VII" claim, and, therefore, establish federal question jurisdiction:

Paragraph 47E

> The Plaintiffs allege that they have suffered **ascertainable losses of money and movable property**, both corporeal and in corporeal, as a result of Doster's unfair

> trade practices. The plaintiffs further allege that the discrimination and harassment perpetrated by Doster **constituted unlawful practices in violation of public policy as set forth in federal and state anti-discrimination statutes,** including La. R.S. 23.301 et seq. and Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e et seq. **and was immoral, unethical, unscrupulous, and substantially injurious to JRV's female employees and supervisors and was in furtherance of Doster's unfair trade practices** to take advantage of JRV's labor and services without paying for them.

(R. Doc. 1-5 at 57) (emphasis added).

While Plaintiffs clearly allege in Paragraph 47C and 47D that Doster's conduct "violates" the LEDL and LUPTA, and are therefore seeking recovery under those statutes, their allegation with respect to Title VII in Paragraph 47E is not as straightforward. Paragraph 47E, which follows Plaintiffs' direct allegation of violation of LUPTA, begins by stating that Plaintiffs have suffered certain losses "as a result of Doster's unfair trade practices." The second sentence adds that these acts "constituted unlawful practices in violation of policy as set forth in federal and state anti-discrimination statutes," including the LEDL and Title VII, and that the acts were "immoral, unethical, unscrupulous, and substantially injuries" and "in furtherance of Doster's unfair trade practices." Contrary to Doster's assertions, Paragraph 47E does not allege that Doster's conduct "violates" Title VII. Instead, the paragraph provides that Doster's acts "constituted unlawful practices in violation of public policy as set forth in federal and state anti-discrimination statutes," including Title VII, in support of Plaintiffs' LUPTA claim.

The Court agrees with Plaintiffs that "Paragraph 47E of the Plaintiffs' Second Amended Petition references Title VII in support of the Plaintiffs' claim that Doster violated LUPTA." (R. Doc. 20-1 at 6). Paragraph 47E tracks the language of LUPTA and pertinent case law. The first sentence of Paragraph 47E tracks the first sentence of the statute providing a private action under LUPTA: "Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or

deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages." La. R.S. 51:1409. Similarly, the second sentence of Paragraph 47E tracks case law holding that a practice is "unfair" or "deceptive" under LUPTA "when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious." *See JCD Mktg. Co. v. Bass Hotels & Resorts, Inc.*, 812 So. 2d 834, 841-42 (La. App. 4th Cir. 2002). Plaintiffs assert that violations of the public policy set forth in LEDL and Title VII fall under the umbrella of "immoral, unethical unscrupulous, and substantially injurious" acts that constitute unfair trade practices under LUPTA. (R. Doc. 1-5 at 57). Given the context of Plaintiffs' allegations, the Court concludes that Plaintiffs are alleging that sexual harassment is an unfair trade practice under LUPTA. Accordingly, Plaintiffs are not seeking to recover directly under Title VII and are not seeking relief under federal law.

If a plaintiff's state court complaint contains no issue of federal law, federal question jurisdiction does not exist. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Defendants argue that Plaintiffs' theory of recovery under LUPTA is unviable because "[i]t appears that no court has ever found that discrimination claims can support a LUPTA claim." (R. Doc. 30 at 9). But the test for whether a plaintiff has alleged a federal claim is not whether an asserted state law claim will be unsuccessful. While a federal court has subject matter jurisdiction over a claim brought under a federal statute even though the claim may be subject to dismissal, it does not necessarily have subject matter over a claim simply because the claim fails under state law. *Cf. Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988) ("A federal court may have subject matter jurisdiction even though the complaint fails to state a claim for which relief can be granted. . . . The question is not whether the plaintiff has a

cause of action or a remedy, but whether the district court may entertain the suit."). Upon remand, Defendants can challenge the merits of Plaintiffs' allegations that a violation of the public policy set forth in Title VII supports a LUPTA violation. Defendants have failed to establish that this Court has original subject matter jurisdiction to make such a determination.

Because this Court lacks federal question jurisdiction, the action must be remanded in its entirety. The issue of whether the Court should exercise supplemental jurisdiction over any of the claims, and sever and remand any of the claims, is moot.

Finally, Plaintiff seeks an award of costs and expenses with respect to having to file the instant Motion to Remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Given the ambiguities with respect to Plaintiffs' allegations pertaining to Title VII, the Court finds that Defendants did not lack an objectively reasonable basis for seeking removal. Accordingly, an award of fees under § 1447(c) in inappropriate.

## IV.     Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 20) be **GRANTED,** and this action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Request for Attorney's Fees under 28 U.S.C. § 1447(c) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Liberty Mutual Insurance Company's Motion to Sever and Remand (R. Doc. 18), Doster Construction Company, Inc's Motion to Sever and Remand (R. Doc. 17), and The Lemoine Company, LLC's Motion to Sever and Remand. (R. Doc. 19) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on September 19, 2019.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**